PHILLIP A. TALBERT
United States Attorney
TODD A. PICKLES
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

# FILED

## NOV 16 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAGPAL SINGH,
    aka "Paul,"
JAGDISH SINGH,
TAJINDER SINGH,
PARMINDER SINGH,
SHAWANA DENISE HARRIS, and

Defendants.

CASE NO. 2:17-CR-0210 MCE

18 U.S.C. § 371 – Conspiracy to Commit Bribery, to Commit Identity Fraud, and to Commit Unauthorized Access of a Computer (2 Counts); 18 U.S.C. § 1030(a)(4) – Unauthorized Access of a Computer (23 counts); 18 U.S.C. § 1028(a)(1) – Fraud Involving Identification Documents (18 counts); 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), 1030(i)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

## I N D I C T M E N T

COUNT ONE:   [18 U.S.C. § 371 – Conspiracy to Commit Bribery, to Commit Identity Fraud, and to Commit Unauthorized Access of a Computer]

The Grand Jury charges:

JAGPAL SINGH,
aka "Paul,"
JAGDISH SINGH,
TAJINDER SINGH, and
PARMINDER SINGH,

defendants herein, as follows:

1

I.     THE CONSPIRACY

2       1.     Beginning no later than in or about September 2014, and continuing through in or about

3  June 2017, in the County of Sacramento, State and Eastern District of California, and elsewhere,

4  defendants JAGPAL SINGH, JAGDISH SINGH, TAJINDER SINGH, and PARMINDER SINGH, did

5  knowingly and intentionally conspire with each other and with others known and unknown to the grand

6  jury, including Kari Scattaglia and Lisa Terraciano, charged elsewhere in *United States v. Scattaglia, et*

7  *al.*, 2:17-cr-187 GEB, to commit bribery concerning programs receiving federal funds, in violation of

8  Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2), to commit identity fraud, in violation

9  of Title 18, United States Code, Section 1028(a)(1), and to commit unauthorized access of a computer, in

10  violation of Title 18, United States Code, Section 1030(a)(4).

11

II.     BACKGROUND

12      At all relevant times,

13     2.     The California Department of Motor Vehicles ("DMV") was a political subdivision and

14  agency of the State of California that registered vehicles in California and licensed California drivers.

15  The DMV also issued identification cards for individuals in California.  The DMV was funded by vehicle

16  registration and licensing fees paid by residents and licensees of the State of California.  The DMV also

17  received federal grants, including the following grant money:

18

| Fiscal Year (July 1 – June 30) | Total Approximate Amount of Federal Funds |
|---|---|
| 2013-2014 | $4,000,000 |
| 2014-2015 | $1,400,000 |
| 2015-2016 | $950,000 |
| 2016-2017 | $12,000 |

23     3.     The DMV issued various classes of California driver licenses ("CDL"), including but not

24  limited to, Class A, Class B, and Class C, based primarily on the type of vehicle to be operated.

25     4.     A Class A and Class B CDL licensed a driver to operate a commercial vehicle interstate

26  and intrastate.  A Class A commercial CDL licensed a driver to operate motor vehicles with a Gross

27  Vehicle Weight Rating (GVWR) of more than 26,001 pounds, and tow a trailer with a GVWR of more

28  than 10,001 pounds, or tow tanks.  In addition, the Class A commercial license could have the following

1  endorsements: Tank, Hazardous Materials/Waste, Doubles and Triples combination and Air Brake.  A

2  Class B commercial CDL licensed a driver to operate vehicles that had a GVWR of more than 26,001

3  pounds, and tow a trailer with a GVWR of less than 10,001 pounds.  In addition, the Class B commercial

4  CDL could have the following endorsements: Air Brake and Hazardous Materials/Waste.

5      5.     A Class C CDL licensed a driver to operate a motor vehicle weighing less than 6,000

6  pounds, including ordinary passenger cars.

7      6.     The issuance of a Class A, Class B, or Class C CDL affected interstate commerce in that,

8  among other effects, the licenses enabled recipients to drive passenger cars and commercial vehicles in

9  other states and on interstate highways.

10      7.     To obtain a Class A or Class B commercial CDL, an applicant was required to submit an

11  application, to the DMV, pay the application fee and provide proof of legal presence within the United

12  States, after which an electronic record was generated in the DMV's computer database unique for the

13  applicant.  That record was associated with a distinct CDL number that followed the applicant through the

14  process.

15      8.     An applicant for a Class A, Class B, or Class C CDL was required to pass one or more

16  written examinations.  The DMV administered written examinations at most DMV locations.  An

17  applicant for a Class A or Class B commercial CDL was also required to provide a medical certificate

18  based on the type of class of license.

19      9.     After an applicant passed the necessary written examinations for a Class A, Class B, or

20  Class C CDL, a DMV employee would access the DMV's computer database for the applicant's

21  electronic DMV record and input the results.  Passing the written examinations would typically result in a

22  permit being issued for the applicant allowing the applicant to operate the vehicle under defined

23  conditions.  Passing the written examinations and obtaining a permit were necessary steps in the process

24  of ultimately obtaining a CDL.

25      10.    Once the applicant passed the written examinations and obtained a permit, the applicant

26  was eligible to take the behind-the-wheel driving examination.  The behind-the-wheel driving

27  examination was administered by a Licensing-Registration Examiner ("LRE") for the DMV.  The DMV

28  administered the behind-the-wheel driving examinations for Class A and Class B commercial CDLs at

1  select DMV locations in California.  In contrast, the DMV typically administered behind-the-wheel

2  driving examinations for a Class C general CDL at most DMV locations.

3       11.    After the applicant passed the requisite behind-the-wheel driving examination administered

4  by the LRE for the Class A, Class B, or Class C CDL, an employee of the DMV would access the DMV's

5  computer database for the applicant's electronic record and input the results.  The DMV would then issue

6  the licensee a temporary license from the office where the behind-the-wheel driving examination was

7  administered.

8       12.    Thereafter, an official, hard plastic CDL was printed in Sacramento, California, and was

9  then mailed to the licensee through the United States mail to an address identified in the licensee's

10  application.

11       13.    The DMV's database was maintained on servers located in Sacramento County, California.

12  This system interacted with remote terminals situated throughout the state and was available to DMV

13  employees whose duties were to create, change, update, or delete records maintained by the system.  The

14  DMV database and computer system was used in and affected interstate and foreign commerce and

15  communications.

16       14.    Using identification and passwords unique to each DMV employee, DMV employees

17  could access the DMV's database in Sacramento to update applicants' records.  DMV employees were not

18  authorized and were strictly prohibited from accessing, creating, deleting, or altering records without a

19  legitimate business purpose.

20       15.    JAGPAL SINGH, often using the name "Paul," owned and operated a truck driving school

21  called Calcutta Truck School in Los Angeles.  JAGPAL SINGH solicited individuals to pay him money in

22  exchange for JAGPAL SINGH arranging for them to obtain permits for Class A and Class B commercial

23  CDLs without having to take and/or pass the written examinations.

24       16.    JAGDISH SINGH owned and operated a truck driving school called Gobind Truck School

25  in Los Angeles.  JAGDISH SINGH solicited individuals to pay him money in exchange for JAGDISH

26  SINGH arranging for them to obtain permits or completed Class A and Class B commercial CDLs

27  without having to take and/or pass the written examinations and/or the behind-the-wheel driving

28  examinations.

17.     TAJINDER SINGH owned a trucking company in Southern California, and was the son of JAGDISH SINGH.  TAJINDER SINGH arranged for individuals to obtain permits for Class A and Class B commercial CDLs without having to take and/or pass the written examinations.

18.     PARMINDER SINGH worked for JAGPAL SINGH at Calcutta Truck School and received a fraudulent Class A commercial CDL.  PARMINDER SINGH arranged for individuals to obtain permits for Class A and Class B commercial CDLs without having to take and/or pass the written examinations

19.     Kari Scattaglia, charged elsewhere in *United States v. Scattaglia, et al.*, 2:17-cr-187 GEB, was an employee of the DMV, and worked as a manager and as an LRE in the DMV's offices in Granda Hills and Arleta, California.  Scattaglia's job duties included, but were not limited to, the processing of CDLs and identification card applications including Class A and Class B commercial CDLs and Class C general CDLs, among other duties as assigned.

20.     Lisa Terraciano, charged elsewhere in *United States v. Scattaglia, et al.*, 2:17-cr-187 GEB, was an employee of the DMV, and worked as a Motor Vehicle Representative in the DMV's office in Winnetka, California.  Terraciano's job duties included, but were not limited to, the processing of CDLs and identification card applications including Class A and Class B commercial CDLs and Class C general CDLs, among other duties as assigned.

21.     Operative No. 1, Operative No. 2, Operative No. 3, Operative No. 4, and Operative No. 5 were undercover operatives who assisted in an investigation by the DMV, Office of Internal Affairs, the Federal Bureau of Investigation, and the United States Department of Homeland Security, Homeland Security Investigations by posing as truck school students or other individuals who sought to obtain Class A commercial CDLs without having to take and/or pass the written examinations.

### III.     OBJECTS OF THE CONSPIRACY

22.     The objects of the conspiracy were to provide payment of money to DMV employees in order to obtain CDLs for individuals who had not fulfilled the requirements to obtain the licenses, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2); to produce identification documents without lawful authority, in violation of Title 18, United States Code, Section 1028(a)(1); and

1   to access the DMV's database, without authorization, for the purpose of carrying out the aforementioned

2   scheme to commit identity fraud, in violation of Title 18, United States Code, Section 1030(a)(4).

### IV.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were carried out, in substance, as follows:

23.   In summary, beginning in or about September 2014, and continuing through at least June 2017, truck-driving students, trucking company employees, and others were solicited by JAGPAL SINGH, JAGDISH SINGH, TAJINDER SINGH, and PARMINDER SINGH (hereinafter collectively "broker co-conspirators") to pay the broker co-conspirators money in exchange for obtaining Class A and Class B commercial CDLs, and Class C CDLs without the individuals having to take or pass the written and/or behind-the-wheel driving examinations.

24.   The broker co-conspirators, in turn, paid or caused to be paid money to Scattaglia and Terraciano (hereinafter "DMV co-conspirators"), including monies paid by JAGDISH SINGH through JAGPAL SINGH, for the purpose of the DMV co-conspirators accessing the DMV's database, which was located in Sacramento, California, and, without authorization, altering individuals' electronic DMV records to fraudulently and incorrectly indicate that the individuals had passed examinations that, in truth and in fact, the truckers had not taken or passed.

25.   From at least September 2014 through at least June 2017, the DMV co-conspirators repeatedly, and without authorization, accessed the DMV computer database and altered DMV records to fraudulently and incorrectly indicate that individuals had passed the written examinations for Class A, Class B, and/or Class C CDLs when, in truth and in fact, the individuals had not taken or passed the written examinations. Scattaglia also repeatedly, and without authorization, accessed the DMV computer database and altered electronic DMV records to fraudulently and incorrectly indicate that individuals had passed the behind-the-wheel driving examinations for Class A, Class B, and/or Class C CDLs when, in truth and in fact, the individuals had not taken or passed the behind-the-wheel driving examinations.

26.   These fraudulent and incorrect entries into the DMV database caused DMV to issue permits and ultimately CDLs to the individuals who had not completed the necessary requirements to receive such licenses.

///

INDICTMENT                                    6

27.     In total, the broker co-conspirators were paid no less than $6,600 for the issuance of fraudulent licenses through Scattaglia and Terraciano accessing, without authorization, the DMV's database to fraudulently and incorrectly alter applicants' records.

V.     OVERT ACTS OF THE CONSPIRACY

28.     In furtherance of the conspiracy and to accomplish its objects, JAGPAL SINGH, JAGDISH SINGH, TAJINDER SINGH, and PARMINDER SINGH, and Kari Scattaglia and Lisa Terraciano, charged elsewhere, among others, committed and caused to be committed the following overt acts, among others, in the State and Eastern District of California and elsewhere:

a.     On or about June 11, 2016, JAGPAL SINGH spoke with an undercover agent posing as a truck-driving student ("Operative No. 1"), and offered, in exchange for payment of $1,500, to get Operative No. 1 a permit for a Class A commercial CDL without Operative No. 1 having to pass the written examination for a Class A commercial CDL.  JAGPAL SINGH instructed Operative No. 1 to deposit the money in JAGPAL SINGH's bank account.

b.     On or about June 14, 2016, JAGPAL SINGH met with Operative No. 1 and instructed Operative No. 1 to take and purposefully fail one of the written examinations for a Class A commercial CDL at the DMV office where Scattaglia was working at the time.

c.     On or about June 14, 2016, Scattaglia, without authorization, accessed the DMV's database in Sacramento and altered the DMV record for Operative No. 1 by entering passing scores for all of the written examinations, including the one that Operative No. 1 purposefully failed at the direction of JAGPAL SINGH.

d.     On or about September 16, 2016, JAGPAL SINGH spoke with an undercover operative also posing as a truck driving student ("Operative No. 2"), and offered, in exchange for payment of $1,500, to get Operative No. 2 a permit for a Class A commercial CDL without Operative No. 2 having to pass all of the written examinations for a Class A commercial CDL.  JAGPAL SINGH instructed Operative No. 2 to take and purposefully fail one of the written examinations.

e.     On or about September 16, 2016, after Operative No. 2 took and purposefully failed one of the written examinations, JAGPAL SINGH met with Operative No. 2 and received $1,500 from Operative No. 2.

1    f.  On or about September 19, 2016, Terraciano, without authorization, accessed the

2 DMV's database in Sacramento and altered the DMV record for Operative No. 2 by entering passing

3 scores for all of the written examinations, including the one that Operative No. 2 purposefully failed at the

4 direction of JAGPAL SINGH.

5    g.  On or about October 13, 2016, JAGDISH SINGH spoke with an undercover

6 operative posing as a truck driving student ("Operative No. 3") and offered to help Operative No. 3

7 obtain, in exchange for $2,100, a permit for another truck-driving student ("Operative No. 4") without

8 Operative No. 4 having to take or pass all of the written examinations for a Class A CDL.

9    h.  Thereafter, on or about October 19, 2016, JAGDISH SINGH met with Operative

10 No. 4 and received $2,100 from Operative No. 4.

11    i.  On or about October 31, 2016, Terraciano, without authorization, accessed the

12 DMV's database in Sacramento and altered the DMV record for Operative No. 4 by entering passing

13 scores for all of the written examinations without Operative No. 4 having taken any written examinations.

14    j.  On or about November 14, 2016, JAGPAL SINGH met with another undercover

15 agent posing as a truck-driving student ("Operative No. 5") and offered, in exchange for payment of

16 $1,500, to get Operative No. 5 a permit for a Class A commercial CDL without Operative No. 5 having to

17 pass all of the written examinations for a Class A CDL.

18    k.  At that same meeting on or about November 14, 2016, JAGPAL SINGH received

19 $1,500 from Operative No. 5.

20    l.  On or about January 24, 2017, Terraciano, without authorization, accessed the

21 DMV's database in Sacramento and altered the DMV record for Operative No. 5 by entering passing

22 scores for all of the written examinations without Operative No. 5 having taken any written examinations.

23    m.  On January 26, 2017, JAGPAL SINGH contacted Operative No. 5 to advise the

24 operative that the permit was ready.

25    n.  On or about March 1, 2017, Scattaglia, without authorization, accessed the DMV's

26 database in Sacramento and altered the DMV record for defendant PARMINDER SINGH by fraudulently

27 entering passing scores for all of the written examinations for PARMINDER SINGH for a Class A

28 commercial CDL.

INDICTMENT            8

1    All in violation of Title 18, United States Code, Section 371.

2

3    COUNTS TWO THROUGH TEN:    [18 U.S.C. § 1030(a)(4) – Unauthorized Access of a Computer]

4        The Grand Jury further charges:

                                    JAGPAL SINGH,
5                                     aka "Paul,"

6        defendant herein, as follows:

7        1.    Paragraphs 2 through 15 and Paragraphs 19 and 20 of Count One are hereby re-alleged and

8    incorporated fully by reference.

9        2.    On or about the dates below, in the County of Sacramento, State and Eastern District of

10   California, and elsewhere, defendant JAGPAL SINGH, aka "Paul," knowingly and with intent to defraud

11   accessed, and exceeded authorized access of a protected computer, to wit, the database of the California

12   Department of Motor Vehicles, without authorization and by means of such conduct furthered the

13   intended fraud and obtained a fraudulent permit for Class A commercial California driver licenses, for the

14   record numbers listed below, and the use of the computer and the value of such use was more than $5,000

15   within a 1-year time period:

| Count | Record Number | Date of Unauthorized Access |
|-------|---------------|-----------------------------|
| 2. | CDL F[XXXXXX]6 | June 14, 2016 |
| 3. | CDL F[XXXXXX]7 | September 19, 2016 |
| 4. | CDL F[XXXXXX]5 | January 24, 2017 |
| 5. | CDL Y3301129 | April 5, 2017 |
| 6. | CDL Y5004681 | April 5, 2017 |
| 7. | CDL Y5018208 | April 5, 2017 |
| 8. | CDL F5345984 | April 20, 2017 |
| 9. | CDL F4792637 | April 20, 2017 |
| 10. | CDL Y5008398 | April 24, 2017 |

27   In violation of Title 18, United States Code, Sections 2 and 1030(a)(4).

28   ///

INDICTMENT                                    9

1  COUNTS ELEVEN THROUGH SIXTEEN:    [18 U.S.C. § 1028(a)(1) – Fraud Involving
                                     Identification Documents]
2

3       The Grand Jury further charges:
                                     JAGPAL SINGH,
4                                    aka "Paul,"

5       defendant herein, as follows:

6       1.      Paragraphs 2 through 15 and Paragraphs 19 and 20 of Count One are hereby re-alleged and

7  fully incorporated by reference.

8       2.      On or about the dates below, in the County of Sacramento, State and Eastern District of

9  California, and elsewhere, defendant JAGPAL SINGH, aka "Paul," did knowingly and without lawful

10 authority produce identification documents, to wit, a California driver licenses listed below, the

11 production of identification documents was in or affected interstate commerce, the identification

12 documents were transported in the United States mail in the course of the unauthorized production, and/or

13 the offense involved the production of identification documents that are or appear to be driver licenses:

| Count | Type of Document | Identification Number | Date |
|-------|------------------|-----------------------|------|
| 11.   | Class A CDL      | Y3301129              | 9/8/2017 |
| 12.   | Class A CDL      | Y5004681              | 8/21/2017 |
| 13.   | Class A CDL      | Y5018208              | 9/4/2017 |
| 14.   | Class A CDL      | F5345984              | 5/22/2017 |
| 15.   | Class A CDL      | F4792637              | 5/24/2017 |
| 16.   | Class A CDL      | Y5008398              | 6/7/2017 |

22 In violation of Title 18, United States Code, Sections 2 and 1028(a)(1).

24 COUNT SEVENTEEN:        [18 U.S.C. § 1028(a)(1) – Fraud Involving Identification Documents]

25      The Grand Jury further charges:
                                     JAGPAL SINGH,
26                                   aka "Paul," and
                                     PARMINDER SINGH,
27

28      defendants herein, as follows:

INDICTMENT                                  10

1      1.      Paragraphs 2 through 15 and Paragraphs 18 and 19 of Count One are hereby re-alleged and

2   fully incorporated by reference.

3      2.      On or about May 9, 2017, in the County of Sacramento, State and Eastern District of

4   California, and elsewhere, defendants JAGPAL SINGH, aka "Paul," and PARMINDER SINGH, did

5   knowingly and without lawful authority produce an identification document, to wit, a California driver

6   license with the number Y3948342, the production of such identification document was in or affected

7   interstate commerce, the identification document was transported in the United States mail in the course

8   of the unauthorized production, and/or the offense involved the production of an identification document

9   that is or appears to be a driver license, in violation of Title 18, United States Code, Sections 2 and

10   1028(a)(1).

11

12   COUNTS EIGHTEEN THROUGH TWENTY-FOUR:          [18 U.S.C. § 1030(a)(4) – Unauthorized
                                                  Access of a Computer]
13

14      The Grand Jury further charges:

15                              JAGPAL SINGH,
                                aka "Paul," and
16                              JAGDISH SINGH,

17   defendants herein, as follow:

18      1.      Paragraphs 2 through 16 and Paragraphs 19 and 20 of Count One are hereby re-alleged and

19   incorporated fully by reference.

20      2.      On or about the date below, in the County of Sacramento, State and Eastern District of

21   California, and elsewhere, defendants JAGPAL SINGH, aka "Paul," and JAGDISH SINGH, knowingly

22   and with intent to defraud accessed, and exceeded authorized access of a protected computer, to wit, the

23   database of the California Department of Motor Vehicles, without authorization and by means of such

24   conduct furthered the intended fraud and obtained a fraudulent permit for Class A commercial California

25   driver licenses, for the record numbers listed below, and the use of the computer and the value of such use

26   was more than $5,000 within a 1-year time period:

27   ///

28   ///

INDICTMENT                                  11

| Count | Record Number | Date of Unauthorized Access |
|-------|---------------|------------------------------|
| 18. | CDL Y2565679 | June 16, 2016 |
| 19. | CDL Y3272901 | July 14, 2016 |
| 20. | CDL Y4172522 | July 22, 2016 |
| 21. | CDL F7623560 | August 10, 2016 |
| 22. | CDL Y4465220 | October 21, 2016 |
| 23. | CDL Y4488054 | October 31, 2016 |
| 24. | CDL F[XXXXX]9 | October 31, 2016 |

In violation of Title 18, United States Code, Sections 2 and 1030(a)(4).

COUNTS TWENTY-FIVE THROUGH THIRTY:     [18 U.S.C. § 1028(a)(1) – Fraud Involving Identification Documents]

The Grand Jury further charges:

JAGPAL SINGH,
aka "Paul," and
JAGDISH SINGH,

defendants herein, as follows:

1.      Paragraphs 2 through 15 and Paragraphs 19 and 20 of Count One are hereby re-alleged and fully incorporated by reference.

2.      On or about the dates below, in the County of Sacramento, State and Eastern District of California, and elsewhere, defendants JAGPAL SINGH, aka "Paul," and JAGDISH SINGH, did knowingly and without lawful authority produce identification documents, to wit, the California driver licenses listed below, the production of the identification documents was in or affected interstate commerce, the identification documents were transported in the United States mail in the course of the unauthorized production, and/or the offense involved the production of identification documents that are or appear to be driver licenses:

///

///

INDICTMENT                                    12

| Count | Type of Document | Identification Number | Date |
|-------|------------------|----------------------|------|
| 25. | Class A CDL | Y2565679 | 8/1/2016 |
| 26. | Class A CDL | Y3272901 | 11/15/2016 |
| 27. | Class A CDL | Y4172522 | 9/22/2016 |
| 28. | Class A CDL | F7623560 | 5/3/2017 |
| 29. | Class A CDL | Y4465220 | 2/24/2017 |
| 30. | Class A CDL | Y4488054 | 12/8/2016 |

In violation of Title 18, United States Code, Sections 2 and 1028(a)(1).

COUNT THIRTY-ONE:     [18 U.S.C. § 371 – Conspiracy to Commit Bribery, to Commit Identity Fraud, and to Commit Unauthorized Access of a Computer]

The Grand Jury further charges:

JAGDISH SINGH,
TAJINDER SINGH, and
SHAWANA DENISE HARRIS,

defendants herein,

I.     THE CONSPIRACY

1.     Beginning·no later than in or about June 2016, and continuing through in or about June 2017, in the County of Sacramento, State and Eastern District of California, and elsewhere, defendants JAGDISH SINGH, TAJINDER SINGH, and SHAWANA DENISE HARRIS did knowingly and intentionally conspire each other and with others unknown to the Grand Jury to commit bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2), to commit identity fraud, in violation of Title 18, United States Code, Section 1028(a)(1), and to commit unauthorized access of a computer, in violation of Title 18, United States Code, Section 1030(a)(4).

///

///

///

1

II.     BACKGROUND

2
At all relevant times,

3
2.      Paragraphs 2 through 14, Paragraphs 16 and 17, and Paragraph 21 of Count One are hereby

4
re-alleged and fully incorporated by reference.

5
3.      SHAWANA DENISE HARRIS was an employee of the DMV, and worked as a Motor

6
Vehicle Representative in the DMV's office in Rancho Cucamonga, California.  HARRIS's job duties

7
included, but were not limited to, the processing of CDLs and identification card applications including

8
Class A and Class B commercial CDLs and Class C general CDLs, among other duties as assigned.

9
4.      Operative No. 6 was an undercover operative who assisted in an investigation by the

10
DMV, Office of Internal Affairs, and the United States Department of Homeland Security, Homeland

11
Security Investigations by posing as a truck school student who sought to obtain a Class A commercial

12
CDL without having to take and/or pass the written examination.

13

III.     OBJECTS OF THE CONSPIRACY

14
5.      The objects of the conspiracy were to provide payment of money to HARRIS, an employee

15
of the DMV, in order to obtain CDLs for individuals who had not fulfilled the requirements to obtain the

16
licenses, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2); to produce

17
identification documents without lawful authority, in violation of Title 18, United States Code, Section

18
1028(a)(1); and to access the DMV's database, without authorization, for the purpose of carrying out the

19
aforementioned scheme to commit identity fraud, in violation of Title 18, United States Code, Section

20
1030(a)(4).

21

IV.     MANNER AND MEANS OF THE CONSPIRACY

22
The objects of the conspiracy were carried out, in substance, as follows:

23
6.      In summary, beginning in or about June 2016, and continuing through at least June 2017,

24
truck-driving students, trucking company employees, and others were solicited by JAGDISH SINGH and

25
TAJINDER SINGH (hereinafter collectively "broker co-conspirators") to pay the broker co-conspirators

26
money in exchange for obtaining Class A and Class B commercial CDLs, and Class C CDLs without the

27
individuals having to take or pass the written and behind-the-wheel driving examinations.

28
///

7.    JAGDISH SINGH paid or caused to be paid money to SHAWANA DENISE HARRIS for the purpose of HARRIS accessing the DMV's database, which was located in Sacramento, California, and, without authorization, altering applicants' electronic DMV records to fraudulently and incorrectly indicate that individuals had passed the written and/or behind-the-wheel driving examinations that, in truth and in fact, the individuals had not taken or passed.

8.    From at least June 2016 through at least June 2017, HARRIS repeatedly, and without authorization, accessed the DMV computer database and altered DMV records to fraudulently and incorrectly indicate that individuals had passed the written examinations and/or the behind-the-well driving examinations for Class A and Class B commercial CDLs, and Class C CDLs when, in truth and in fact, the individuals had not taken or passed the written examinations or the behind-the-wheel driving examinations.

9.    These fraudulent and incorrect entries into the DMV database caused DMV to issue permits and ultimately CDLs to the individuals who had not completed the necessary requirements to receive such licenses.

10.    In total, the broker co-conspirators were paid no less than $11,000 for the issuance of fraudulent licenses through HARRIS accessing, without authorization, the DMV's database to fraudulently alter applicants' records.

## V.    OVERT ACTS OF THE CONSPIRACY

10.    In furtherance of the conspiracy and to accomplish its objects, JAGDISH SINGH, TAJINDER SINGH, and SHAWANA DENISE HARRIS, among others, committed and caused to be committed the following overt acts, among others, in the State and Eastern District of California and elsewhere:

a.    On or about June 28, 2016, JAGDISH SINGH met with an undercover operative posing as a truck-driving student, previously identified as Operative No. 3 in Count One, and offered, in exchange for payment of $2,000, to get Operative No. 3 a permit for a Class A CDL without Operative No. 3 having to pass all of the written examinations for a Class A commercial CDL. JAGDISH SINGH also offered, in exchange for the payment of $9,000, to get Operative No. 3 a Class A commercial CDL without having to pass the all of the written examinations or take or pass the behind-the-wheel driving

1   examination.

2           b.      JAGDISH SINGH again met Operative No. 3 on or about June 28, 2016, at a

3   different location and received $2,000 from Operative No. 3 for the purpose of Operative No. 3 obtaining

4   a permit for a Class A commercial CDL without having to pass all of the written examinations.

5           c.      Later on or about June 26, 2016, JAGDISH SINGH contacted Operative No. 3 and

6   provided to Operative No. 3 the information for JAGDISH SINGH's bank account into which Operative

7   No. 3 could deposit an additional $7,000 to obtain a complete Class A commercial CDL.

8           d.      On or about August 11, 2016, HARRIS, without authorization, accessed the

9   DMV's database in Sacramento and altered the DMV record for Operative No. 3 by entering passing

10  scores for all of the written examinations, which Operative No. 3 had not taken.

11          e.      On or about October 19, 2016, JAGDISH SINGH spoke with Operative No. 3 and

12  offered to help Operative No. 3 obtain a permit for a different truck-driving student without that student

13  ("Operative No. 6") having to take or pass all of the written examinations for a Class A commercial CDL

14  in exchange for Operative No. 6 paying JAGDISH SINGH $2,000 to be deposited into JAGDISH

15  SINGH's bank account.

16          f.      On or about November 10, 2016, HARRIS, without authorization, accessed the

17  DMV's database in Sacramento and altered the DMV record for Operative No. 6 by entering passing

18  scores for all of the written examinations, which Operative No. 6 had not taken.

19          g.      On or about January 7, 2017, JAGDISH SINGH contacted Operative No. 3 to

20  request a copy of the permit for a Class A commercial CDL that Operative No. 3 had previously obtained

21  from JAGDISH SINGH in exchange for $2,000 in order for JAGDISH SINGH to obtain for Operative

22  No. 3 a completed Class A CDL without having to take the behind-the-wheel driving examination.

23          h.      Thereafter, on or about January 7, 2017, JAGDISH SINGH forwarded to

24  TAJINDER SINGH a copy of the permit provided to him by Operative No. 3.  Thereafter, TAJINDER

25  SINGH forwarded this information to another phone in his possession.

26          i.      On or about April 7, 2017, JAGDISH SINGH contacted Operative No. 3 to advise

27  the operative that the operative could still expect a completed Class A CDL.

28          All in violation of Title 18, United States Code, Section 371.

1    COUNTS THIRTY-TWO THROUGH THIRTY-EIGHT:        [18 U.S.C. § 1030(a)(4) – Unauthorized
                                                              Access of a Computer]
2

3            The Grand Jury further charges:
                                        JAGDISH SINGH, and
4                                 SHAWANA DENISE HARRIS,

5            defendants herein, as follows:

6            1.      Paragraphs 2 and 3 of Count Thirty-One are hereby re-alleged and incorporated fully by

7    reference.

8            2.      On or about the dates below, in the County of Sacramento, State and Eastern District of

9    California, and elsewhere, defendants JAGDISH SINGH and SHAWANA DENISE HARRIS knowingly

10   and with intent to defraud accessed, and exceeded authorized access of a protected computer, to wit, the

11   database of the California Department of Motor Vehicles, without authorization and by means of such

12   conduct furthered the intended fraud and obtained a fraudulent permit for Class A commercial California

13   driver licenses, for the records listed below, and the use of the computer and the value of such use was

14   more than $5,000 within a 1-year time period:

| Count | Record Number | Date of Unauthorized Access |
|-------|---------------|------------------------------|
| 32.   | CDL F6973445  | April 25, 2016               |
| 33.   | CDL Y3652473  | June 21, 2016                |
| 34.   | CDL F[XXXXXX]2 | August 11, 2016             |
| 35.   | CDL Y4487582  | September 29, 2016           |
| 36.   | CDL Y4604221  | October 21, 2016             |
| 37.   | CDL Y4620718  | November 1, 2016             |
| 38.   | CDL F[XXXXXX]2 | November 10, 2016           |

24   In violation of Title 18, United States Code, Sections 2 and 1030(a)(4).

25   ///

26   ///

27   ///

28   ///

INDICTMENT                                          17

1  COUNTS THIRTY-NINE THROUGH FORTY-THREE:   [18 U.S.C. § 1028(a)(1) – Fraud Involving
                                             Identification Documents]

3      The Grand Jury further charges:

                          JAGDISH SINGH, and
4                       SHAWANA DENISE HARRIS,

5      defendants herein, as follows:

6      1.      Paragraphs 2 and 3 of Count Thirty-One are hereby re-alleged and fully incorporated by

7  reference.

8      2.      On or about the dates below, in the County of Sacramento, State and Eastern District of

9  California, and elsewhere, defendants JAGDISH SINGH and SHAWANA DENISE HARRIS, did

10 knowingly and without lawful authority produce identification documents, to wit, the California driver

11 licenses listed below, the production of the identification documents was in or affected interstate

12 commerce, the identification documents were transported in the United States mail in the course of the

13 unauthorized production, and/or the offense involved the production of identification documents that are

14 or appear to be driver licenses:

| Count | Type of Document | Identification Number | Date |
|-------|------------------|----------------------|------|
| 39. | Class A CDL | F6973445 | 5/16/2016 |
| 40. | Class A CDL | Y3652473 | 9/29/2016 |
| 41. | Class A CDL | Y4487582 | 3/23/2017 |
| 42. | Class A CDL | Y4604221 | 11/18/16 |
| 43.. | Class A CDL | Y4620718 | 1/4/2017 |

22 In violation of Title 18, United States Code, Sections 2 and 1028(a)(1).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

INDICTMENT                                    18

1 | <u>FORFEITURE ALLEGATION:</u>     [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), 1030(i)(1),
                                     and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

2

3       1.     Upon conviction of one or more of the offenses alleged in Counts One and Thirty-One of

4 this Indictment, defendants JAGPAL SINGH, JAGDISH SINGH, TAJINDER SINGH, PARMINDER

5 SINGH, and SHAWANA DENISE HARRIS shall forfeit to the United States, pursuant to 18 U.S.C. §

6 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from

7 proceeds traceable to such violations, including but not limited to the following:

8       a.     A sum of money equal to the total amount of proceeds traceable to such offenses,

9 for which the defendants are convicted.

10       2.     Upon conviction of one or more of the offenses alleged in Counts Two through Thirty, and

11 Thirty-Two through Forty-Three of this Indictment, defendants JAGPAL SINGH, JAGDISH SINGH,

12 PARMINDER SINGH, and SHAWANA DENISE HARRIS shall forfeit to the United States, pursuant to

13 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or

14 indirectly, as a result of said violations, including but not limited to:

15       a.     A sum of money equal to the amount of proceeds obtained directly or indirectly, as a

16 result of such offenses, for which the defendants are convicted.

17       3.     Upon conviction of one or more of the offenses alleged in Counts Twelve through

18 Seventeen, Twenty-Five through Thirty, and Thirty-Nine through Forty-Three of this Indictment,

19 defendants JAGPAL SINGH, JAGDISH SINGH, PARMINDER SINGH, and SHAWANA DENISE

20 HARRIS shall forfeit to the United States, pursuant to 18 U.S.C. § 1028(b)(5), any personal property used

21 or intended to be used to commit the offenses.

22       4.     Upon conviction of one or more of the offenses alleged in Counts Two through Eleven,

23 Eighteen through Twenty-Four, and Thirty-Two through Thirty-Eight of this Indictment, defendants

24 JAGPAL SINGH, JAGDISH SINGH, PARMINDER SINGH, and SHAWANA DENISE HARRIS shall

25 forfeit to the United States, pursuant to 18 U.S.C. § 1030(i)(1), any personal property used or intended to

26 be used to commit or to facilitate the commission of the offenses.

27       5.     If any property subject to forfeiture, as a result of the offenses alleged in Counts One

28 through Forty-Three of this Indictment, for which the defendants are convicted:

|    |    |    |
|----|----|----|
| 1  | a. | cannot be located upon the exercise of due diligence; |
| 2  | b. | has been transferred or sold to, or deposited with, a third party; |
| 3  | c. | has been placed beyond the jurisdiction of the court; |
| 4  | d. | has been substantially diminished in value; or |
| 5  | e. | has been commingled with other property which cannot be divided without |
| 6  |    | difficulty; |

7   it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), § 1028(g), and 28 U.S.C. § 2461(c),

8   incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants, up to the value of

9   the property subject to forfeiture.

10                                          A TRUE BILL.

11                                          **/s/ Signature on file w/AUSA**

12

13  _____            _____
    PHILLIP A. TALBERT                     FOREPERSON
14  United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                             20

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

JAGPAL SINGH aka "Paul,"
JAGDISH SINGH,
TAJINDER SINGH,
PARMINDER SINGH, and
SHAWANA DENISE HARRIS

*NO BAIL WARRANT PENDING HEARING*

## I N D I C T M E N T

**VIOLATION(S):**

18 U.S.C. § 371 – Conspiracy to Commit Bribery, to Commit Identity Fraud,
and to Commit Unauthorized Access of a Computer (2 Counts);
18 U.S.C. § 1030(a)(4) – Unauthorized Access of a Computer (23 counts);
18 U.S.C. § 1028(a)(1) – Fraud Involving Identification Documents (18 counts);
18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), 1030(i)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ 16 _ _ _ _ _ _ _ _ _ *day*

*of* November _ _ _ _ , *A.D. 20* 17

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

**NO BAIL WARRANT PENDING HEARING**

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

GPO 863 525

## United States v. Jagpal Singh, et al.
### Penalties for Indictment

**Defendants**
**JAGPAL SINGH**
**JAGDISH SINGH**
**TAJINDER SINGH**
**PARMINDER SINGH**
**SHAWANA DENISE HARRIS**

**2:** 1 7 - CR - 0 2 1 0 MCE

| | |
|---|---|
| **COUNT 1:** | **JAGPAL SINGH** |
| | **JAGDISH SINGH** |
| | **TAJINDER SINGH** |
| | **PARMINDER SINGH** |

VIOLATION:  18 U.S.C. §§ 371 – Conspiracy to Commit Bribery, Identity Fraud, and Unauthorized Access of a Computer

PENALTIES:  Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 2-10:** **JAGPAL SINGH**

VIOLATION:  18 U.S.C. § 2 & 1030(a)(4) – Unauthorized Access of a Computer

PENALTIES:  Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 11-16:** **JAGPAL SINGH**

VIOLATION:  18 U.S.C. § 2 & 1028(a)(1) – Fraud Involving Identification Document

PENALTIES:  Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 17   :**        **JAGPAL SINGH**
                        **PARMINDER SINGH**

VIOLATION:          18 U.S.C. § 2 & 1028(a)(1) – Fraud Involving Identification Document

PENALTIES:          Maximum of 5 years imprisonment, or
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNTS 18-24:**       **JAGPAL SINGH**
                        **JAGDISH SINGH**

VIOLATION:          18 U.S.C. § 2 & 1030(a)(4) – Unauthorized Access of a Computer

PENALTIES:          Maximum of 5 years imprisonment, or
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 19-30:**        **JAGPAL SINGH**
                        **JAGDISH SINGH**

VIOLATION:          18 U.S.C. § 2 & 1028(a)(1) – Fraud Involving Identification Document

PENALTIES:          Maximum of 5 years imprisonment, or
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 31:**           **JAGDISH SINGH**
                        **TAJINDER SINGH**
                        **SHAWANA DENISE HARRIS**

VIOLATION: 18 U.S.C. §§ 371 – Conspiracy to Commit Bribery, Identity Fraud, and Unauthorized Access of a Computer

PENALTIES: Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 32-38:** **JAGDISH SINGH**
**SHAWANA DENISE HARRIS**

VIOLATION: 18 U.S.C. § 2 & 1030(a)(4) – Unauthorized Access of a Computer

PENALTIES: Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 39-43:** **JAGDISH SINGH**
**SHAWANA DENISE HARRIS**

VIOLATION: 18 U.S.C. § 2 & 1028(a)(1) – Fraud Involving Identification Document

PENALTIES: Maximum of 5 years imprisonment, or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:** **ALL DEFENDANTS**

VIOLATION: 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), 1030(i)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES: As stated in the charging document