| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | TODD A. PICKLES<br>ROSANNE L. RUST |
| 3 | Assistant United States Attorneys<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAGPAL SINGH, *et al.*,<br><br>  Defendants. | CASE NO. CASE NO. 2:17-CR-00210 GEB<br><br>STIPULATION AND PROTECTIVE ORDER |

**STIPULATION RE: DISCOVERY**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate and jointly request the Court enter the following protective order ("Order"):

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. The discovery produced or to be produced by the United States in this case includes materials that contain personally identifying information of third parties, as well as financial information relating to co-defendants and electronic discovery that may include personal or private information. Redaction of this information is impractical.

3. The counsel of record for defendants shall not provide or disclose any of the discovery in this case, including the contents thereof, to any person other than (a) attorneys, law clerks, paralegals,

secretaries, experts, investigators or others involved in the representation of the defendant, (b) the Court and its staff and personnel as discussed below, and (c) the defendant, but only to the extent as provided in Paragraph 4.

4. Counsel for the defendants may provide a copy of the discovery produced by the United States in this case to the defendants except that counsel shall <u>not</u> provide a copy of any discovery that contains or includes:

    a. Any document that includes personal identifying information ("PII") that includes, among other things, personal names, addresses, telephone numbers, credit card and bank account numbers, dates of birth, and social security numbers; and

    b. Any bank or financial records or statements, to the extent not also PII.

To the extent that any of the foregoing items (hereinafter "Protected Material") were obtained from a specific defendant himself or herself, counsel may provide a copy of that Protected Material to that specific defendant whom they represent.

5. Counsel for the defendants may discuss with the defendants the contents of Protected Material and may review Protected Material with the defendants, provided such review occurs in the presence of counsel and/or others involved in the representation of the defendants.

6. Each defendant expressly agrees he or she may not obtain or use, in any way, any personally identifying, financial, or private information that is contained in or derived from the discovery provided by the United States in this case.

7. The discovery, including but not limited to Protected Material, and information contained therein may only be used in connection with the litigation of this case and for no other purpose. At the conclusion of the case, including after any appeal or collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, is decided, counsel for the defendants will either return to the United States all discovery, including any copies provided to the defendant, or certify that it has been shredded or otherwise destroyed.

8. Counsel for the defendants will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this stipulation and order.

9. If counsel releases custody of any of the discovery, or authorized copies thereof, to any

person described in paragraph (3), other than the Court and its personnel, counsel shall provide such recipients with copies of this Order and advise that person that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, that it must be maintained in a secure location, and that an unauthorized use, disclosure, or dissemination of the discovery may constitute a violation of law and/or contempt of court.

10. In the event that any of the defendants obtain new or additional counsel, current counsel for that defendant will withhold the discovery from new or additional counsel unless and until the new or additional counsel agrees to be bound by this Stipulation and Order.

11. Counsel for the defense shall be responsible for advising the defendant and other members of the defense team of the contents of this Stipulation and Order.

12. The defense is permitted to prepare transcripts or summaries of the discovery, including Protected Material. Any such derivative products of the discovery will be subject to the terms of this Stipulation and Order, except that, to the extent such summaries or transcripts are considered to be the work product of the defense counsel, such work product does not need to be returned to the United States at the conclusion of the case but shall remain in the possession of the counsel who asserts work product.

13. Nothing in this Stipulation and Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence at trial or in other hearings, or filing with the Court any documents in relation to any motion or other matter submitted to the Court.

14. In the event that any party intends to file on the public docket any Protected Material, that party shall notify all other parties no less than twenty-four hours in advance of filing to permit the other parties the opportunity to determine whether they will request the documents be filed under seal. In the event that no party responds within twenty-four hours, it shall be deemed that the no party opposes the filing of any document on the public docket. To the extent that any party believes that the document should be filed under seal, it shall be the burden of that party to so request the Court consistent with the Court's local rules.

15. All parties shall ensure that they comply with the Court's Local Rules regarding redaction of personally identifying information, including with respect to any item covered by this Protective Order.

|   |   |   |
|---|---|---|
| 1 | IT IS SO STIPULATED. | |
| 2 | Dated: February 2, 2018 | McGREGOR W. SCOTT<br>United States Attorney |
| 3 | | |
| 4 | | */s/ Todd A. Pickles*<br>TODD A. PICKLES<br>ROSANNE L. RUST<br>Assistant United States Attorneys |
| 5 | | |
| 6 | Dated: February 2, 2018 | |
| 7 | | */s/ Ellen Barry*<br>ELLEN BARRY, ESQ.<br>Counsel for Defendant Jagdish Singh |
| 8 | | |
| 9 | Dated: February 2, 2018 | */s/ Edward Robinson*<br>EDWARD ROBINSON, ESQ.<br>Counsel for Defendant Tajinder Singh |
| 10 | | |
| 11 | Dated: February 2, 2018 | |
| 12 | | */s/ Kyle Knapp*<br>KYLE KNAPP, ESQ.<br>Counsel for Defendant Shawana Denise Harris |
| 13 | | |
| 14 | | */s/ Kelli Babineau* |
| 15 | Dated: February 2, 2018 | KELLI BABINEAU, ESQ.<br>Counsel for Defendant Parminder Singh |
| 16 | | |
| 17 | | */s/ Mark Bledstein & Adam Koppekin* |
| 18 | Dated: February 2, 2018 | I. Mark Bledstein, Esq.<br>Adam Koppekin, Esq.<br>Counsel for Defendant Jagpal Singh |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: February 2, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE