McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAGPAL SINGH, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 2:17-CR-00210 TLN<br><br>STIPULATION TO RESET MATTER FOR TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

1. By previous order, this matter was set for a trial confirmation hearing on August 30, 2019. By minute orders (ECF Nos. 88-89), that hearing was vacated. The case was scheduled for trial on October 15, 2019.

2. By this stipulation, defendants Tajinder Singh, Parminder Singh, and Shawana Denise Harris, through their respective counsel of record, and the United States hereby request that this matter be re-set for a jury trial on June 1, 2020, at 9:00 a.m. with a trial confirmation hearing set for April 30, 2020 at 9:30 a.m., and that the previous trial date of October 15, 2019, be vacated.

3. Further, defendants also move to continue to exclude time between October 15, 2019, and June 1, 2020, under Local Code T4. The Court previously granted the parties' request and ordered that time be excluded up and until October 15, 2019. (ECF No. 68).

4. The parties agree and stipulate, and request that the Court find the following:

a) The United States has represented that the discovery associated with this case includes collectively, investigative reports, electronic discovery obtained from the search of various electronic devices, records from the California Department of Motor Vehicles, and records from telephone providers and banks which is subject to a protective order. The United States recently produced almost 900 pages of discovery, and audio-recorded interviews. Additionally, at defense counsel's recent request, thousands of pages of discovery have been made available for inspection. Prior to this, the United States produced over 3,000 pages of documents, as well as over a dozen audio/video recordings, some of which are in a foreign language. The United States continues to investigate the case and will continue to produce discovery up through the trial date.

b) Counsel for defendants desire additional time to review discovery, including that which will be produced up to the trial date, consult with their respective clients, to conduct investigation and research related to the charges, to prepare pretrial motions, and to otherwise prepare for trial. Counsel also need time to discuss with their clients potential resolution.

c) Further, June 2020 is the first available time when all defense counsel will be available for trial due to their respective existing schedules, including other cases that are already set for trial, as well as personal obligations.

d) Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny each of their clients continuity of counsel.

e) The United States does not object to setting the trial in June 2020.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 15, 2019, to June 1, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and

1 | the defendant in a speedy trial.

2 | 5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: September 13, 2019 | McGREGOR W. SCOTT<br>United States Attorney |
| --- | --- |
| | */s/ Rosanne L. Rust*<br>ROSANNE L. RUST<br>CHRISTOPHER S. HALES<br>Assistant United States Attorneys |
| Dated: September 13, 2019 | */s/ Edward Robinson*<br>EDWARD ROBINSON<br>Counsel for Defendant<br>TAJINDER SINGH |
| Dated: September 13, 2019 | */s/ Kelly Babineau*<br>KELLY BABINEAU<br>Counsel for Defendant<br>PARMINDER SINGH |
| Dated: September 13, 2019 | */s/ Kyle Knapp*<br>KYLE KNAPP<br>Counsel for Defendant<br>SHAWANA DENISE HARRIS |

# FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 13th day of September, 2019.

_____
Troy L. Nunley
United States District Judge