McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00210 TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JAGPAL SINGH, ET AL., | |
| Defendants. | |

This case is set for a trial confirmation hearing on April 30, 2020, and a jury trial on June 1, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the trial confirmation hearing and the trial date. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1.      By previous order, this matter was set for a trial confirmation hearing on April 30, 2020 and a trial date on June 1, 2020.

2.      By this stipulation, defendants Tajinder Singh, Parminder Singh, and Shawana Denise Harris, through their respective counsel of record, and the United States hereby request that this matter be re-set for a jury trial on **January 11, 2021, at 9:00 a.m**. with a trial confirmation hearing set for **December 3, 2020 at 9:30 a.m**., and that the previous trial confirmation hearing date of April 30, 2020, and the trial date of June 1, 2020, both be vacated.  By this stipulation, defendants also move to exclude time between June 1, 2020, and January 11, 2021, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

    a)      The government has represented that the discovery associated with this case includes collectively, investigative reports, electronic discovery obtained from the search of various electronic devices, records from the California Department of Motor Vehicles (DMV), and records from telephone providers and banks which is subject to a protective order.  In August 2019, the United States produced almost 900 pages of additional discovery, and audio-recorded interviews which were generated as the government continued to prepare for trial.  Additionally, at defense counsels' request, thousands of pages of discovery have been made available for inspection at the DMV and the Department of Homeland Security, Homeland Security Investigations (HSI).  Despite the current health issues, the government has continued to make such discovery available, and will continue to do so.  Prior to this, the United States produced over 3,000 pages of documents, as well as over a dozen audio/video recordings, some of which are in a foreign language.  At this point, the consecutively Bates stamped portion of the discovery totals in excess of 5,500 pages, which is in addition to other records and physical evidence being made available for inspection and copying.  The United States continues to investigate the case and will continue to produce discovery up through the trial date.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)      Counsel for defendant desires additional time to review discovery, including the physical evidence still available at both the DMV and HSI, consult with their respective clients,

to conduct investigation and research related to the charges, to prepare pretrial motions, and to otherwise prepare for trial. Counsel also need time to discuss with their clients potential resolution.

    c)    Further, January 2021 is the first available time when all defense counsel will be available for trial due to their respective existing schedules, including other cases that are already set for trial, as well as personal obligations.

    d)    Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel.

    e)    The government does not object to the continuance.

    f)    In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The trial involves several individuals who will have to travel from Southern California and other locations within the State to attend and/or participate in the trial; and
- The trial cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act).

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 1, 2020, to January 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 27, 2020                McGREGOR W. SCOTT
                                      United States Attorney

                                      /s/ ROSANNE L. RUST
                                      ROSANNE L. RUST
                                      CHRISTOPHER S. HALES
                                      Assistant United States
                                      Attorneys

Dated:  April 27, 2020                */s/ Edward Robinson*
                                      EDWARD ROBINSON
                                      Counsel for Defendant
                                      TAJINDER SINGH

Dated:  April 27, 2020                */s/ Kelly Babineau*
                                      KELLY BABINEAU
                                      Counsel for Defendant
                                      PARMINDER SINGH

Dated:  April 27, 2020                */s/ Kyle Knapp*
                                      KYLE KNAPP
                                      Counsel for Defendant
                                      SHAWANA DENISE HARRIS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 28th day of April, 2020.

Troy L. Nunley
United States District Judge