UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-00210-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| SHAWANA DENISE HARRIS, | |
| Defendant. | |

   This matter is before the Court on Defendant Shawana Denise Harris's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 229.)  The Government filed an opposition.  (ECF No. 232.)  Defendant filed two separate replies.  (ECF Nos. 236, 237.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2022, Defendant pleaded guilty to one count of a forty-three-count Indictment.  (ECF No. 171.)  Count Thirty-One charged Defendant with conspiracy to commit bribery, identity fraud, and unauthorized access to a computer in violation of 18 U.S.C. § 371.  (*Id*. at 2.)

On November 3, 2022, the Court sentenced Defendant to a 60-month term of imprisonment to be followed by a 24-month term of supervised release.  (ECF No. 202.)  Defendant is currently serving her sentence at FCC-Dublin.  (ECF No. 232 at 1.)  She has served approximately 6 months of her 60-month sentence, and her projected release date with the application of good conduct time is June 12, 2027.  (*Id.*; ECF No. 229 at 6.)  On July 6, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release.  (ECF No. 229.)  Defendant requests the Court reduce her term of imprisonment to time served.  (*Id*.)

## II.   ANALYSIS

### A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

It is undisputed Defendant has met the threshold exhaustion requirement.  On April 2, 2023, Defendant submitted a request to the warden for compassionate release.  (ECF No. 229-2 at 19.)  On May 12, 2023, the warden denied Defendant's request.  (*Id*. at 2.)  Accordingly, the Court finds Defendant exhausted all available administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).

///

1            B.        Extraordinary and Compelling Reasons

2           The Court turns now to the merits of Defendant's motion.  Defendant is eligible for

3   compassionate release only if she can demonstrate there are "extraordinary and compelling

4   reasons" for a sentence reduction and such a reduction is "consistent with applicable policy

5   statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth

6   Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy

7   statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v.*

8   *Aruda*, 993 F.3d 797, 802 (2021).  The Ninth Circuit explained "[t]he Sentencing Commission's

9   statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A)

10  motions filed by a defendant, but they are not binding."  *Id.*; *United States v. Jones*, 980 F.3d

11  1098, 1111 (6th Cir. 2020) ("Federal judges . . . have full discretion to define 'extraordinary and

12  compelling' without consulting the policy statement § 1B1.13.")  The Court thus looks to §

13  1B1.13 as persuasive authority.

14          Defendant argues her medical conditions, including severe back pain, and the conditions

15  of her confinement constitute extraordinary and compelling circumstances warranting

16  compassionate release, or alternatively, home confinement.  (ECF No. 229-1 at 2–3.)  In

17  opposition, the Government argues Defendant fails to demonstrate how her medical conditions

18  and her access to adequate medical treatment constitute extraordinary circumstances.  (ECF No.

19  232.)  For the reasons set forth below, the Court agrees with the Government.

20          First, Defendant has not shown her medical conditions constitute extraordinary and

21  compelling reasons for release.  Defendant's medical records, filed under seal by the

22  Government, indicate she is suffering from various conditions, including: low-back pain; mid-

23  back pain; neck pain; numbness and tingling of arms; arthritis; stenosis of spine cervical;

24  herniated discs lumbar; and sciatica.  (ECF No. 235 at 2–35).  For a medical condition to qualify

25  as "extraordinary and compelling, the ailment must substantially diminish the defendant's ability

26  to provide self-care within the environment of a correctional facility and be a condition from

27  which the defendant is not expected to recover."  *United States v. Barajas-Guerrero*, No.

28  117CR00148JLTSKO, 2023 WL 5002933, at *3 (E.D. Cal. Aug. 4, 2023).  However, "no district

court has found … chronic back and shoulder pain as an extraordinary and compelling reason to grant compassionate release." *United States v. Mendez*, No. 2:11-CR-00356KJM, 2021 WL 2003202, at *2 (E.D. Cal. May 19, 2021).  Based on the record currently before the Court, it appears none of Defendant's conditions substantially diminish her ability to provide self-care to treat her conditions and the BOP is capable of adequately treating her conditions.  (*See* ECF No. 229-2 at 3.)  Accordingly, the Court finds Defendant's medical conditions do not constitute extraordinary and compelling circumstances for her release.

Second, Defendant appears to argue the conditions of her confinement at FCI-Dublin constitute extraordinary and compelling reasons for compassionate release.  (ECF No. 229-1 at 2–3.)  However, "federal law opens two main avenues to relief on complaints related to imprisonment — a petition for habeas corpus and a civil rights complaint," and "[h]abeas petition is the proper vehicle for a federal inmate's challenge to the manner, location, or conditions of a sentence's execution." *Camillo-Amisano v. Ponce*, No. 221CV00072ODWJDE, 2021 WL 3377237, at *4 (C.D. Cal. June 22, 2021).  Therefore, "to challenge the conditions of . . . confinement, that claim may be properly brought in a habeas petition or a direct civil claim, not via compassionate release." *United States v. Shults*, No. 1:17-CR-00136-JLT, 2022 WL 2990716, at *5 n.4 (E.D. Cal. July 28, 2022).  Moreover, venue is not proper in the Eastern District of California to consider a habeas petition from Defendant.  Under 28 U.S.C. § 2241, venue lies with the district court that has personal jurisdiction over the petitioner's custodian. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because FCI-Dublin is in Dublin, California, the proper venue for Defendant to challenge the conditions of her confinement is the Northern District of California.  Thus, the Court does not address Defendant's allegations regarding the conditions of her confinement raised in her motion for compassionate release.

Accordingly, the Court finds Defendant has not shown any extraordinary and compelling reasons for release.

///

///

///

1            **C.**      18 U.S.C. § 3553(a) Factors

2          In addition, while Defendant does not discuss the 18 U.S.C. § 3553(a) ("§ 3553(a)")

3 factors, the Court finds a sentence reduction is not warranted under the § 3553(a).  *See* 18 U.S.C.

4 § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate

5 release).

6          Given Defendant has only served approximately six months of her sixty-month sentence,

7 the Court finds the § 3553(a) factors do not support a time served sentence.  Specifically,

8 Defendant abused her position as a California Department of Motor Vehicles ("DMV") employee

9 by accepting bribes and fraudulently updating at least 185 Commercial Driver License applicants'

10 electronic DMV records to incorrectly indicate the individuals had passed their required written

11 and behind-the-wheel driving tests.  (ECF No. 232 at 2.)  During this time, Defendant collected

12 over $277,500.00 in bribes and allowed dozens of unauthorized individuals to operate

13 commercial vehicles, risking both their lives as well as those of innocent drivers and pedestrians.

14 Thus, the Court finds such a drastic reduction in Defendant's sentence is not warranted based on

15 the serious nature and circumstances of Defendant's offense.

16          Accordingly, the Court finds a 60-month sentence is reasonable but not greater than

17 necessary to achieve the purposes of sentencing set forth in § 3553(a).

18        **III.**    **CONCLUSION**

19          For the foregoing reasons, the Court hereby DENIES Defendant's Motion for

20 Compassionate Release.  (ECF No. 229.)

21          IT IS SO ORDERED.

22 Date:  October 24, 2023

23

24                                Troy L. Nunley
                               United States District Judge

25

26

27

28