ERIC GRANT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHAWANA DENISE HARRIS,<br>Defendant. | CASE NO. 2:17-CR-00210-TLN-05<br><br>STIPULATION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2); ORDER |

**STIPULATION**

Defendant, Shawana Denise Harris, by and through her attorney, Brian C. McComas, and plaintiff, United States of America, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a two-offense-level reduction for certain offenders who

present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a);

3. On November 3, 2022, this Court sentenced Ms. Harris to 60 months in prison;

4. Ms. Harris's total offense level was 27, her criminal history category was I (having no criminal history points), and the resulting advisory guideline range was 70 to 87 months in prison. Because, however, the statutory maximum term of imprisonment for 18 U.S.C. § 371, Ms. Harris's offense of conviction, is 60 months, the advisory guideline range became 60 months;

5. Ms. Harris qualifies as a zero-point offender under USSG § 4C1.1(a). Retroactive application of this guideline provision reduces Ms. Harris's total offense level by two, from 27 to 25, resulting in an amended advisory guideline range of 57 to 71 months in prison. Because, however, the statutory maximum term of imprisonment, the revised guideline range becomes 57 to 60 months in prison.

6. Accordingly, the parties request the Court enter the order lodged herewith reducing Ms. Harris's term of imprisonment to 57 months.

*The remainder of this page is intentionally blank.*

7. On July 21, 2025, Defendant filed a pro per motion for a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821's zero-point offender provision. ECF 250. On August 5, 2025, counsel for defendant filed a Supplemental Motion for Reduction of Sentence Under 18 U.S.C. §§ 3582(c)(1)(A)(I) (Compassionate Release) and 3582(c)(2) (Amendment 821). ECF 252. Assuming the Court grants the sentence reduction requested by the parties in this stipulation, the parties request that the Court dismiss those parts of Defendant's pro per and supplemental motion that relate to § 3582(c)(2) as moot. The filing of this stipulation does not, however, moot or withdraw Defendant's request for compassionate release, which remains pending before this Court and subject to the Court's August 6, 2025 Order setting a briefing schedule.

IT IS SO STIPULATED.

Dated: August 13, 2025

ERIC GRANT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated: August 13, 2025

/s/ BRIAN C. McCOMAS
BRIAN C. McCOMAS
Counsel for Defendant
Shawana Denise Harris

**ORDER**

This matter came before the Court on the stipulation of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

The parties agree, and the Court finds Ms. Harris is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 27 to 25, resulting in an amended guideline range of 57 to 71 months in prison. Because, however, the statutory maximum term of imprisonment for 18 U.S.C. § 371, Ms. Harris's offense of conviction, is 60 months, the advisory guideline range becomes 57 to 60 months in prison.

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, the term of imprisonment imposed in November 2022 is reduced to a term of 57 months in prison.

IT IS FURTHER ORDERED that those portions of Defendant's pro per motion, ECF 250, and supplemental motion, ECF 252, that request a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 are dismissed as moot, while the portions of those filings that request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) remain pending before the Court and subject to the briefing schedule set forth in the Court's August 6, 2025 Order, ECF 256.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Ms. Harris shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO FOUND AND ORDERED this _13th_ day of August 2025.

CHIEF JUDGE TROY L. NUNLEY
UNITED STATES DISTRICT COURT JUDGE