UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>SHAWANA DENISE HARRIS,<br><br>          Defendant. | No. 2:17-cr-00210-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Shawana Denise Harris's ("Defendant") pro se Motion for Compassionate Release and Supplement for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(1).[1]  (ECF Nos. 250, 252.)  The Government filed an opposition.  (ECF No. 262.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

---

[1] Plaintiff's supplemental motion is styled as a Motion for a Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821, and/or Grant Compassionate Release Pursuant to 18 U.S.C. § 8582(c)(1)(A)(i).  (ECF No. 252.)  However, on August 18, 2025, pursuant to a joint stipulation, the Court issued an Amended Judgment reducing Defendant's sixty-month sentence to fifty-seven months pursuant to U.S.S.G. Amendment 821.  (ECF No. 261).  The Court then dismissed as moot the portions of Plaintiff's motions that requested a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821.  (ECF No. 260.)  Thus, the Court only considers the portions of Plaintiff's motions related to her request for compassionate release.

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On April 22, 2022, Defendant pleaded guilty to one count of a forty-three-count Indictment. (ECF No. 171.) Count Thirty-One charged Defendant with conspiracy to commit bribery, identity fraud, and unauthorized access to a computer in violation of 18 U.S.C. § 371. (*Id*. at 2.)

On November 3, 2022, the Court sentenced Defendant to a sixty-month term of imprisonment to be followed by a twenty-four-month term of supervised release. (ECF No. 202.) On August 18, 2025, pursuant to a joint stipulation, the Court issued an Amended Judgment reducing Defendant's sixty-month sentence to fifty-seven months pursuant to U.S.S.G. Amendment 821. (ECF No. 261). Defendant was projected to transfer to home confinement on October 6, 2025. (ECF No. 262 at 4.) She has served approximately thirty-two months of her fifty-seven-month sentence, and her projected release date with the application of good conduct time is March 27, 2026. (*Id*.) On July 21, 2025, Defendant, proceeding *pro se*, filed a motion for reduction of sentence. (ECF No. 250.) On August 5, 2025, Defendant, through her counsel, filed a supplemental motion for reduction of sentence. (ECF No. 252.) Defendant requests the Court reduce her term of imprisonment to time served. (*Id*. at 2.)

**II.    ANALYSIS**

    **A.    Exhaustion**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

As a threshold matter, the Government contends the BOP has no record of Defendant submitting a request related to the instant motion to the warden. (ECF No. 262 at 6.) The

Government further contends Defendant instead relies on emails — none of which were sent to any specific email address or addressed to the warden — which are insufficient to satisfy the exhaustion requirement pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Id.*)

Upon review of the attachments to Defendant's *pro per* motion for reduction of sentence (ECF No. 250 at 6–10), which Defendant contends indicate that her request for reduction of sentence was exhausted (ECF No. 252 at 13 n.5.), the Court agrees with the Government that Defendant's attachments are insufficient to conclude that Defendant exhausted her administrative remedies because the emails are not addressed to the warden and were not sent to any specific email address. Nonetheless, the Court, in its discretion, waives the exhaustion requirement on the issue presented in Defendant's motion and reaches its merits.

### B. Extraordinary and Compelling Reasons

The Court turns now to the merits of Defendant's motion. Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*; *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) ("Federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."). The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues the need to take care of her ailing husband constitutes extraordinary and compelling circumstances warranting compassionate release.[2] (ECF No. 252 at 16.) As noted by

---

[2] Defendant also argues her medical condition and her incarceration at the Federal Correctional Institution in Dublin, California, where sexual abuse of other inmates was rampant, constitute extraordinary and compelling circumstances warranting compassionate release. These arguments were previously considered and rejected by the Court. (ECF No. 238.) Because

3

the Government, however, Defendant fails to articulate what ailment or ailments her husband is currently suffering from that necessitate her caring for him.  In addition, Defendant fails to explain why someone else could not provide the care her husband needs.  Accordingly, the Court finds Defendant has not shown any extraordinary and compelling reasons for release.

### C.  18 U.S.C. § 3553(a) Factors

In addition, the Court finds a sentence reduction is not warranted under the § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

Given Defendant has only served approximately thirty-two months of her fifty-seven-month sentence, the Court finds the § 3553(a) factors do not support a time served sentence. Specifically, Defendant abused her position as a California Department of Motor Vehicles ("DMV") employee by accepting bribes and fraudulently updating at least 185 Commercial Driver License applicants' electronic DMV records to incorrectly indicate the individuals had passed their required written and behind-the-wheel driving tests.  (ECF No. 262 at 2.)  During this time, Defendant and her coconspirators collected over $277,500.00 in bribes and allowed dozens of unauthorized individuals to operate commercial vehicles, risking both their lives as well as those of innocent drivers and pedestrians.  (*Id.* at 3.)  Thus, the Court finds such a drastic reduction in Defendant's sentence is not warranted based on the serious nature and circumstances of Defendant's offense.

Accordingly, the Court finds a fifty-seven-month sentence is reasonable but not greater than necessary to achieve the purposes of sentencing set forth in § 3553(a).

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF Nos. 250, 252.)

\\

\\

---

Defendant fails to articulate any new information with respect to these arguments, the Court declines to address them again.

IT IS SO ORDERED.

Date: December 8, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE